JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HIE,<br>        Plaintiff,<br><br>                        v.<br><br>LA MIRADA HEALTHCARE,<br>LLC,<br>        Defendant. | CV 21-4901 DSF (Ex)<br><br>Order GRANTING Motion to<br>Remand |

Plaintiff is a family member of a man who died of COVID-19 while a resident of a nursing home operated by Defendant.  Defendant removed this case on the basis of federal officer jurisdiction and federal question jurisdiction.  Plaintiff now moves to remand.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. Background

In short, Plaintiff argues that Defendant failed to staff the nursing facility it owned and operated adequately, failed to take proper precautions to prevent the spread of COVID-19 in the facility, and failed to react properly to the infections that became present in the facility.  These failings are alleged to have caused the death of the decedent.  The removal is premised on various federal government directives regarding COVID-19.  Defendant claims these directives are direct and specific enough to allow it to remove this case as a "federal officer."  It further argues that removal is allowed due to the federal Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C. §§ 247d-6d, 247d-6e.  Generally, the PREP Act authorizes the

Secretary of Health and Human Services to provide limited immunity to "covered persons" against claims for losses due to the administration or use of a covered countermeasure as declared by the Secretary. As most relevant to this case, the Secretary has issued declarations under the PREP Act to extend PREP Act protections to COVID-19 testing kits and certain personal protective equipment (PPE), including certain respiratory protective devices, *i.e.*, masks.

## II. Analysis

### A.    Federal Officer Removal

Federal officer removal is available under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Fidelitad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1099 (9th Cir. 2018).

There is no dispute that the removing party is a person for the purposes of the statute, and the Court will assume for the purposes of this discussion that it has a "colorable federal defense." The question then becomes whether Defendant acted "pursuant to a federal officer's directions" and there is a "causal nexus" between Defendant's actions and Plaintiff's claims.

The directions Defendant points to are general regulations and public directives regarding the provision of medical services. But "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 153 (2007). Therefore, removal is not justified by federal officer jurisdiction.

### B.     Complete Preemption

Despite the pleading of only state law claims on the face of the complaint, Defendant also argues that removal is appropriate under federal question jurisdiction because of complete preemption.  A claim that is, on its face, a state law claim can be considered to arise under federal law if "Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim."  Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (quoting Dennis v. Hart, 724 F.3d 1249, 1254 (9th Cir. 2013)).

This complete preemption that confers federal question jurisdiction is very rare.  See City of Oakland v. BP PLC, 969 F.3d 895 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet this criteria [for complete preemption].").  And Defendant does not appear to dispute that a majority of district courts to consider the question of whether the PREP Act completely preempts state law have answered in the negative.

On its merits, Defendant's complete preemption argument is thin and unpersuasive.  Defendant provides no evidence that Congress intended to preempt all claims against any healthcare provider relating to a death from COVID-19.  Agency declarations to the contrary are both not binding and unpersuasive, as will be discussed in more detail below. Nor is there an adequate federal alternative means of redress provided by the PREP Act.  A plaintiff can file a claim under the PREP Act only for willful misconduct.  The Covered Countermeasures Injury Compensation Program mentioned by Defendant explicitly covers only harms from the application of covered countermeasures.  42 C.F.R. § 110.3(g).[1]  The Plaintiff here complains, in part, of a *failure to use* covered countermeasures.  If Defendant's argument were accepted, patients whose healthcare providers did nothing would have worse recourse to compensation than patients whose healthcare providers

---

[1] This section defines a "covered injury" as one that is "the direct result of the administration or use of a covered countermeasure."  Id.

tried in good faith to apply covered countermeasures. This result could not have been intended by Congress.

It is largely irrelevant that federal courts have exclusive jurisdiction under the PREP Act because none of the claims in the complaint, on its face, are brought under that Act. If Defendant believes that some or all of Plaintiff's state law claims are barred by the PREP Act, the appropriate response is to file a demurrer in state court. If the state court dismisses the state law claims, Plaintiff could then decide if she wishes to file claims under the PREP Act in the District of the District of Columbia, the court with exclusive jurisdiction over such claims. See 42 U.S.C. § 247d-6d(e)(1). Otherwise, the Court declines to find that Congress has completely occupied the field of actions or inactions related to COVID-19 spread and treatment to such a degree that all state law claims related to that topic are subject to removal.

## C.    Imbedded Question of Federal Law

Nor has Defendant established federal jurisdiction due to a "substantial, imbedded question of federal law." In order for a state law claim to provide federal question jurisdiction under this theory, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as Grable separately requires. The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Gunn, 568 U.S. at 260. "[T]he mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of

action into a federal claim . . . ."  <u>Nevada v. Bank of America Corp.</u>, 672 F.3d 661, 675 (9th Cir. 2012).  Nor does "the question whether a particular claim arises under federal law depend[] on the novelty of the federal issue."  <u>Id.</u> (quoting <u>Merrell Dow Pharms., Inc. v. Thompson</u>, 478 U.S. 804, 817 (1986)).

Defendant argues that it meets this standard for basically the same reasons that it thinks there is complete preemption.  But the raised federal issue is Defendant's defense, not the actual claims made by Plaintiff.  Defendant also fails to show that this particular case raises substantial questions important to "the federal system as a whole," and it is clear that it does not.

**D.    The Department of Health and Human Services' Statements Regarding Preemption are Not Entitled to Deference and are Not Persuasive**

The Department of Health and Human Services issued a Declaration on the application of the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C. §§ 247d-6d, 247d-6e on December 9, 2020, and the HHS General Counsel issued an advisory opinion on January 8, 2021 regarding the scope of federal jurisdiction and application of the PREP Act.  HHS further issued a Fifth Declaration on January 28, 2021, further stating its opinion on jurisdiction.  None of these documents convinces the Court that it has subject matter jurisdiction in this case.

The jurisdictional question does not hinge on whether the PREP Act "applies" to Plaintiffs' claims.  Even if it does, federal question jurisdiction is available only if the PREP Act has such an extraordinary preemptive force that it "converts" state law claims related to the COVID-19 response into federal claims.

The HHS Secretary's Fourth Declaration purports to declare that claims covered by the PREP Act satisfy the <u>Grable</u> standard, and the Fifth Declaration and HHS General Counsel's January 8, 2021 advisory opinion state that the PREP Act should be considered a statute that completely preempts state law claims for the purposes of federal

question jurisdiction.  Neither Declaration nor the advisory opinion is binding on this Court because there is no indication that HHS has been delegated any authority to interpret the somewhat esoteric federal jurisdiction doctrines at issue.  See Smith v. Berryhill, 139 S. Ct. 1765, 1778–79 (2019) ("agency may not bootstrap itself into an area in which it has no jurisdiction" such as "the scope of the judicial power vested by the statute").  Nor are any of these pronouncements persuasive because they are completely conclusory; they simply set out the relevant legal standard and state that the PREP Act satisfies it.

### III. Conclusion

The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: October 20, 2021

Dale S. Fischer
United States District Judge